

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 17, 1968

Honorable O. N. Humphreys, Jr.
Acting Administrator
Texas Liquor Control Board
Capitol Station
Austin, Texas   78711

Opinion No. M-218

Re:  May beer be legally
     possessed by an employee
     of a beer retailer on the
     latter's licensed premises
     in a 2 5/8 gallon con-
     tainer bearing the beer
     brand name and which has
     been filled from a tax
     paid legal-sized 1/2 bar-
     rel of beer purchased by
     the beer retailer from a

Dear Mr. Humphreys:                    beer distributor.

        The letter from your department requesting an opinion of
this office reads, in part, as follows:

        "There has been created a beverage serving
    apparatus which would contain 2 5/8 gallons of
    draft beer when full.  It is filled by receiving
    a sanitary transfer of draft beer from a legal-
    sized, tax-paid 1/2 barrel of draft beer.  It
    contains equipment to keep the beer cold.  It
    may be strapped on the back of a person and has
    an outlet hose for dispensing beer into a paper
    cup which may be delivered to the consumer.  The
    brand name of the beer may be placed on the ap-
    paratus.

        "The manufacturer of this apparatus contends
    that it would provide a beer retailer with a
    method of serving beer to huge crowds such as
    appear at the Astrodome in a sanitary and safe
    manner. . . .

        "It does appear to us that the apparatus would
    facilitate the serving of cold draft beer in a
    safe and sanitary manner to a large crowd - -
    particularly so since only paper cups which are
    not harmful when thrown or dropped would be used.

"However, we wonder whether this apparatus may be used for dispensing beer by a beer retailer under the terms of the Texas Liquor Control Act.

"The term 'container' as used in Article II of the Texas Liquor Control Act is defined in Section 1, (d) of Article II of the Texas Liquor Control Act (Article 667-1, (d) of Vernon's Texas Penal Code) as follows:

> "'The term "container" means any container holding beer in quantities of one (1) barrel, one-half (1/2) barrel, one-quarter (1/4) barrel, one-eighth (1/8) barrel, or any bottle or can having a capacity of twelve (12) fluid ounces, twenty-four (24) fluid ounces, and thirty-two (32) fluid ounces, and no container of any other capacity shall be authorized.'

"In Section 8 of Article II of the Texas Liquor Control Act (Article 667-8 of Vernon's Texas Penal Code) it is provided as follows:

> "'It shall be unlawful for any person to sell, store, possess, or transport in this State, any beer unless it be in a container as defined in Section 1 of this Article, and every such container shall bear a brand, imprint, or label showing the full name and address of the brewer or manufacturer of such beer, or the name and address of any distributor for whom a special brand is manufactured; and in the event such beer is sold or transported in containers packed in any box, crate, carton, or similar device, the same information shall appear upon the outside of such package.'

"In Section 3, (e) of Article II of the Texas Liquor Control Act (Article 667-3, (e) of Vernon's Texas Penal Code) it is provided as follows: (the underlining is ours)

> "'A Retail Dealer's On-Premise
> License shall authorize the holder
> thereof to sell beer for consump-
> tion on or off the premises where
> sold, in or from any lawful con-
> tainer to the ultimate consumer,
> but not for resale. . . .'

"In Section 24, (2) of Article II of the
Texas Liquor Control Act (Article 667-24, (2)
of Vernon's Texas Penal Code) it is provided
as follows:   (the underlining is ours)

> "'It shall be unlawful for any re-
> tail dealer to dispense any draught
> beer unless each faucet or other
> dispensing apparatus is equipped with
> a sign clearly indicating the name or
> brand of the particular product being
> at the time dispensed through each
> faucet or other apparatus, which sign
> shall be in legible lettering and in
> full sight of the purchaser.'

"As far as we know the above provisions of
law are the only provisions relevant to our ques-
tion.

"   . . .

"This is our question:   May beer be legally
possessed by an employee of a beer retailer on
the licensed premises of such beer retailer in
a 2 5/8 gallon container which bears the brand
name of the beer and which has been filled from
a tax-paid, legal-sized 1/2 barrel of beer pur-
chased by the beer retailer from a beer distri-
butor?   If so, may such beer be served and sold
from such 2 5/8 gallon container to customers
on the licensed premises?"

The Texas Liquor Control Act is to be liberally construed
to accomplish the express and implicit intent of the Legislature,
i.e., the "exercise of the police power of the State for the pro-
tection of the welfare, health, peace, temperance and safety of
the people of the State."  Vernon's Penal Code, Article 666-2;
Texas Liquor Control Board v. Floyd, 117 S.W.2d 530 (Tex.Civ.App.
1938, no writ); Texas Liquor Control Board v. Super Saving Stamps
Company, 303 S.W.2d 536 (Tex.Civ.App. 1957, no writ).

It is the opinion of this office that Article II, Section 1, (d) of the Texas Liquor Control Act was passed to standardize the containers in which beer could be merchandised and sold by the brewery to the retail outlet. This standardization provides a method whereby the tax that is to be levied on the beer and the appropriate standardized tax stamp may be affixed upon the container when a first sale is made within this State. The legislative intent appears to be to regulate the containers that may be sold, stored, passed or transported by the brewery or wholesaler of beer. We find no legislative intent to prohibit a Retail Dealer's On-Premise licensee from using an apparatus such as you describe to assist him as an intermediate step in dispensing and serving beer from a legal container purchased from the distributor.

Therefore, it is the opinion of this office that beer may be legally possessed for the purpose of dispensing by an employee of a Retail Dealer's On-Premise licensee on the licensed premises of the licensee in a 2 5/8 gallon container which bears the brand name of the beer and which has been filled on the licensed premises by the licensee or his agent from a tax-paid, legal-sized container of beer purchased by the licensee from a beer distributor. It is the further opinion of this office that such beer may be served and sold by the Retail Dealer's On-Premise licensee or his agent from the 2 5/8 gallon container to customers on the licensed premises under the aforesaid circumstances.

### S U M M A R Y

Beer may be legally possessed for the purpose of dispensing by an employee of a Retail Dealer's On-Premise Licensee on the licensed premises of the licensee in a 2 5/8 gallon container which bears the brand name of the beer and which has been filled on the licensed premises by the licensee or his agent from a tax-paid, legal-sized 1/2 barrel of beer purchased by the licensee from a beer distributor. Beer may be served and sold by the Retail Dealer's On-Premise licensee or his agent from the 2 5/8 gallon container to customers on the licensed premises.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Douglas H. Chilton
Assistant Attorney General

DHC/dt

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Monroe Clayton
Harold Kennedy
Pat Bailey

A. J. CARUBBI, JR.
Executive Assistant